**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD SUDBERRY, individually and on behalf of all statutory beneficiaries; personal representative of the Estate of Kaitlyn M. Sudberry, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> STATE OF ARIZONA, a governmental entity; CITY OF PHOENIX, a governmental entity; CYNTHIA MANCINELLI, wife; GERALD T. BAZZELL, AKA Unknown Mancinelli; UNKNOWN PARTIES, named as John and Jane Does I-X, <br><br> Defendants - Appellees. | No. 10-17076 <br><br> D.C. No. 2:09-cv-00779-NVW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted December 1, 2011
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: THOMAS and CLIFTON, Circuit Judges, and CARR, Senior District Judge.[**]

Richard Sudberry appeals from the district court's grant of summary judgment in favor of the City of Phoenix. We vacate the summary judgment and remand for further proceedings.

Sudberry claims that the negligence of the Phoenix Police Department contributed to the murder of his daughter, Kaitlyn, by Daniel Byrd. Under Arizona law, once a municipality chooses to provide police protection, the police department has a "duty to act as would a reasonably careful and prudent police department in the same circumstances." *Austin v. City of Scottsdale*, 684 P.2d 151, 154 (Ariz. 1984) (en banc). The parties agree that the City is not liable unless the Police Department is found to have been grossly negligent, as required by Arizona Revised Statute § 12-820.02.

"A party is grossly or wantonly negligent if he acts or fails to act when he knows or has reason to know facts which would lead a reasonable person to realize that his conduct not only creates an unreasonable risk of bodily harm to others but also involves a high probability that substantial harm will result." *Walls v. Ariz. Dep't of Pub. Safety*, 826 P.2d 1217, 1221 (Ariz. Ct. App. 1991). Gross or wanton

[**] The Honorable James G. Carr, Senior District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

negligence "differs from ordinary negligence in quality and not degree." *Id.* The issue of gross negligence is ordinarily a question of fact for the jury, but a court may grant a defendant's motion for summary judgment if "no evidence is introduced that would lead a reasonable person to find gross negligence." *Id.*

Sudberry introduced sufficient evidence such that a reasonable juror could find gross negligence under Arizona law. There was evidence that the police considered Byrd's threat on Kaitlyn's life to be a serious one. In response to the threat, it sent five officers to Byrd's house, reflecting concern for the danger Byrd posed. The police informed the Sudberrys that they were going to work to arrest Byrd and place him in custody. However, for the purpose of the summary judgment motion, the police made no further effort to locate or arrest Byrd after January 23. In light of the serious nature of the threats against Kaitlyn, a reasonable juror could find that the Police Department's lack of action after that date constituted gross negligence.

Like gross negligence, proximate cause is generally a question of fact for the jury, and it should reach the jury here. *See Barrett v. Harris*, 86 P.3d 954, 958 (Ariz. Ct. App. 2004). A reasonable juror could find that the Police Department's inaction was a "substantial factor" in Kaitlyn's death, as required for proximate cause. *See id.* at 960-61. There was sufficient evidence for a reasonable juror to

conclude, for instance, that further efforts to locate and apprehend Byrd would have been successful, or that Kaitlyn would not have returned to school if the police had warned her that Byrd had not been caught.

**VACATED and REMANDED.**